No. 21,850.

S. T. THOMAS and CORA L. THOMAS, *Appellees,* v. C. W.
NELOMS and VICTORIA NELOMS, *Appellants.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Specific Performance Denied—Judgment for
Money Paid.* The conclusion of the trial court that the parties had so
changed the contract sued on as to preclude specific performance, and
had so waived its provisions that the money paid thereon should be
recovered by the plaintiffs, *held* to be justified by the record, which
presents no material error.

Appeal from Wyandotte district court, division No. 3; WIL-
LIAM H. McCAMISH, judge. Opinion filed March 8, 1919.
Affirmed.

*Charles O. Littick,* of Kansas City, for the appellants.

*I. F. Bradley,* and *I. F. Bradley, jr.,* both of Kansas City,
for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs sued for specific performance of a
real-estate contract or for the return of $450 which they had
paid thereon. The answer alleged a forfeiture. The court re-
fused specific performance, but rendered judgment for $450,
which was declared a lien upon the property involved. The de-
fendants appeal.

On March 30, 1916, the parties signed an option agreement
to the effect that in consideration of $400, cash, the plaintiffs
were to have, until the 21st day of May, the option to purchase
the property for $3,000, with the right to extend such option
from month to month by the payment of $25 on or before the
21st day of May, 1916, and on or before the 21st day of each suc-
ceeding month thereafter until such amount had been paid in
full. If the option were kept in force the plaintiffs were to have
credit for the payments made, and they were to have possession
on June 1, 1916, and occupy the premises so long as the option
was kept in force and so long as they kept the property in-
sured, as required, and paid the taxes, special asessments and
interest as set forth. Time was made essential and on default

Thomas v. Neloms.

of the plaintiffs the money·paid was to be forfeited and the defendants were to have the right to reënter.

With the contract was a very vague memorandum concerning a house to be built by the defendants, and it appears that when the action was begun the following fall the house was still far from being completed. The plaintiffs demanded numerous changes in the plans, which were made from time to time, and not being in possession they discontinued their payments.

The defendants assert that on receipt of their money they were ready to complete the house.

The court found that the contract was so changed that specific performance could not be decreed; that the defendants had added to the price on account of the changes and had also mortgaged the property to get money with which to build. After vainly trying to get the defendants to give some definite statement or make some reliable figures, the court seems to have given it up as a bad job, and finally found that all parties had waived the conditions of the contract, and that the defendants had waived their right to a forfeiture, and the plaintiffs were entitled to a judgment for the money paid by them thereon, making it a lien on the property. The costs were divided between the parties.

An extended brief has been filed by the defendants in support of their numerous assignments of error. About all that plainly appears from the record is, that after months of the loosest kind of dealings the plaintiffs were out $450, and the defendants have a partially completed house into which this money has gone. Neither party seems to have complied with the provisions of the contract and, instead of getting together, they appear to have been getting farther apart. No material trial error appears.

The plaintiffs have nothing to show for their $450, but their experience and an equitable interest in the real estate. On the other hand, the defendants, by the payment of the judgment, can have their title quieted to a piece of property which may be readily gotten in shape for a fair sale or rental income. Very likely this is as fair a conclusion as could be reached, and we feel that there is no reason for disturbing it.

The judgment is affirmed.